IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LENELD E. BROWN,                           08-CV-6262-AC

      Plaintiff,                        ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.


DREW L. JOHNSON
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, OR 97405
(541) 434-6466

KATHRYN TASSINARI

1  -  ORDER

Harder, Well, Baron & Manning, P.C.
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

  Attorneys for Plaintiff

**DWIGHT HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1158

**DAVID MORADO**
Regional Chief Counsel
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2112

  Attorneys for Defendant


**BROWN, Judge.**

  On November 18, 2010, Magistrate Judge John V. Acosta issued Findings and Recommendation (#36) in which he recommends the Court grant in part Plaintiff's Unopposed Motion (#33) for Attorneys Fees pursuant to 42 U.S.C. § 406(b) and award Plaintiff's counsel $24,700.00 in attorneys' fees.  Plaintiff filed timely Objections to the Findings and Recommendation.  As noted in Plaintiff's Objections, the Commissioner does not oppose Plaintiff's Motion.

2   -   ORDER

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Plaintiff's counsel specifically objects to the Magistrate Judge's recommendation to reduce the request for attorneys' fees to an award of $24,700 rather than the $41,178.25 requested.

**I.   Standards**

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any attorneys' fees awarded under that section to be payable "out of, and not in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a non contingent [*sic*] fee, is a criminal offense."

3  -   ORDER

*Id*. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht* the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

In *Crawford v. Astrue*, the Ninth Circuit noted § 406(b) "'instructs courts to review for reasonableness fees yielded by [contingency fee] agreements.'" 586 F.3d 1142, 1152 (9th Cir. 2008)(quoting *Gisbrecht*, 535 U.S. at 808). In *Crawford* the Ninth Circuit reinforced the factors set out by the Supreme Court in *Gisbrecht* for district courts to test the reasonableness of the contingent-fee amount: (1) the character of the representation,

4 - ORDER

(2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 1151-52.

## II.  Analysis

The Magistrate Judge recommends reducing Plaintiff's requested attorneys' fees to sixty percent of the requested amount of $41,178.25 or to the equivalent of roughly fifteen percent of the $164,713 in past-due benefits that counsel secured for Plaintiff.  In reaching his conclusion that such a reduction from the agreed upon contingent-fee amount of 25% of Plaintiff's past-due benefits is warranted, the Magistrate Judge concluded Plaintiff's counsel met their burden under the first three factors by demonstrating their competence and by providing quality, useful briefing; making accurate and helpful citations to the record; avoiding unreasonable delay of the proceedings; and  contributing meaningfully to the ultimate outcome, which resulted in the Plaintiff being awarded $164,713 in benefits. The Magistrate Judge, however, found Plaintiff's counsel failed to satisfy the last two *Crawford* factors that the benefits of counsel's representation are not out of proportion with the time spent by counsel to obtain the benefits and that this matter represented significant risk for Plaintiff's counsel.

5   -   ORDER

As noted, Plaintiff's counsel bears the burden of demonstrating the reasonableness of the attorneys' fees requested under § 406(b). The Magistrate Judge, however, found Plaintiff's briefing "provide[d] only limited assistance to the Court's reasonableness analysis" because Plaintiff's counsel "focuse[d] on a lodestar approach" rather than addressing all of the *Gisbrecht* factors or discussing the § 406(B) contingency-fee request in light of *Crawford*. Thus, the Magistrate Judge concluded Plaintiff's counsel "only partially informs the Court's application of the *Gisbrecht* factors to the fee request in this case."

Plaintiff's counsel objects to the Magistrate Judge's Finding and Recommendation insofar as it recommends a reduction of the amount of attorneys' fees owed to Plaintiff's counsel under the contingency-fee agreement. In support of the Objections, Plaintiff's counsel submitted additional facts and argument as to the reasonableness of the 25% contingency fee. For example, Plaintiff clarifies that the attorneys' fees sought do not include a request for fees covering time expended by legal assistants nor did work performed by the attorneys duplicate work already performed by the legal assistants. Moreover, Plaintiff's counsel points out that this matter has spanned nearly six years and includes two separate appeals of ALJ opinions. In that six years, Plaintiff's counsel expended 65.2 hours of time, which led

6 - ORDER

to a full recovery by Plaintiff of the benefits he sought. Although the Magistrate Judge found certain of those hours appeared to include duplicative work, Plaintiff's counsel explained in the Objections that the time between the briefs filed in the first and second appeals to this Court was nearly four years, and the record for this particular appeal was in excess of 1,600 pages. It is, therefore, reasonable that counsel, who served numerous Social Security claimants during that span, would require the roughly twelve hours spent to carefully review the record and the prior proceedings and to set out the facts in light of the evidence added to the record on remand. Plaintiff's counsel also points to the significant additions, changes, and improvements made by counsel to the briefing in this matter between the first and second appeals to this Court. Plaintiff's counsel underscores that Social Security matters involve an intense scrutiny of the facts of each particular case in order to establish a claimant's eligibility for Social Security benefits.

    Plaintiff also points out counsel made limited and only necessary requests for additional time to perform the work required to obtain benefits for Plaintiff. In fact, the Magistrate Judge noted Plaintiff's longest extension was due to a failure of Plaintiff's counsel to receive proper notice of a filing by the Commissioner, "a circumstance totally outside of

7   -   ORDER

counsel's control." The Magistrate Judge found Plaintiff's other requests for extensions were for a "reasonable period" and were required to allow Plaintiff's counsel to give adequate attention to briefing this matter.

The Ninth Circuit noted in *Crawford* that practitioners who serve claimants seeking Social Security benefits face significant risks of protracted litigation; multiple remands and appeals; and, at best, a long delay of payment or, at worst, nonpayment. *Crawfor*d, 586 F.3d at 1149-52. Each of these risks was notably present in this matter, and, in fact, as with *Crawford*, this matter took nearly six years to resolve. Moreover, the fact that Plaintiff originally applied for benefits with the Social Security Administration in 2002 and was not awarded benefits until this Court remanded for the calculation and award of benefits in 2010 underscores the complexity of this matter and the risks assumed by Plaintiff's counsel in accepting representation of Plaintiff.

On this record the Court concludes Plaintiff's counsel have now met their burden to demonstrate the 25% contingency fee is reasonable in light of the Supreme Court's holding in *Gisbrecht*, the Ninth Circuit's opinion in *Crawford* setting out the factors to consider, and the clarifications and additional support provided by Plaintiff's counsel in the Objections. The Court concludes the time spent and the work performed by Plaintiff's

8 - ORDER

counsel over six years to secure benefits of $164,713 for Plaintiff is not out of proportion. In addition, the Court notes it found the amount of time spent by Plaintiff's counsel was reasonable when the Court granted Plaintiff's applications for EAJA fees, which will be offset against Plaintiff's award under § 406(b).

Although the Court now approves the contingency-fee award sought by Plaintiff's counsel in this matter based on the briefing Plaintiff's counsel submitted in the Objections to the Magistrate Judge's Findings and Recommendation, the Court reiterates the Magistrate Judge's notice to counsel:

> The court emphasizes that § 406(b) fee requests should conform to the requirements of *Gisbrecht* and *Crawford*. The court's willingness to undertake the fee analysis here, notwithstanding that counsel did not fully support his request in accordance with those cases, is not license for practitioners to bypass that analysis in future § 406(b) fee requests.

In summary, the Court concludes on this amplified record that Plaintiff's counsel have now met their burden to demonstrate the reasonableness of the 25% contingency-fee award. The Court, therefore, declines to adopt the Findings and Recommendations to the extent that the Magistrate Judge recommends reducing Plaintiff's requested attorneys' fees. Accordingly, the Court grants Plaintiff's Motion.

9  -   ORDER

**CONCLUSION**

For these reasons, the Court **ADOPTS in part** the Findings and Recommendation (#36), **GRANTS** Plaintiff's Unopposed Motion (#33) for Attorneys Fees pursuant to 42 U.S.C. § 406(b), and **AWARDS** Plaintiff's counsel **$41,178.25** in attorneys' fees less the EAJA fees already received in the amount of $14,252.61.

IT IS SO ORDERED.

DATED this 16th day of February, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge